UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ERIBERTO LEON, | ) | |
| | ) | |
| Petitioner, | ) | 3:09-cv-00416-RCJ-VPC |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| GREGORY SMITH, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

I. <u>Introduction</u>

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 by Eriberto Leon, a prisoner at the High Desert State Prison, in southern Nevada.

Petitioner was convicted, following a joint jury trial, in Nevada's Eighth Judicial District, in Clark County, Nevada, on October 16, 2003, of conspiracy to commit burglary, two counts of burglary while possessing a firearm, conspiracy to commit kidnaping, first degree kidnaping with the use of a deadly weapon, first degree kidnaping with the use of a deadly weapon resulting in substantial bodily harm and conspiracy to commit murder.  Exhibit 2.[1]  Petitioner was sentenced to imprisonment for life with the possibility of parole after thirty years for the first degree

---

[1] The Exhibits referred to in this Order, unless otherwise identified are located in the record at ECF No. 13.

1  kidnaping with the use of a deadly weapon resulting in substantial bodily harm and the sentences for
2  the other convictions were set to run concurrently to that sentence.  Exhibit 3.
3         Petitioner appealed Exhibit 4.  The Nevada Supreme Court affirmed his conviction on
4  May 17, 2005, holding that claims that he was denied a fair trial because he was trial with his co-
5  defendant and because the State exercised preemptive challenges to two minority jurors were without
6  merit.  Exhibit 5.
7         On June 9, 2004, while the appeal was still pending, petitioner filed a state post-
8  conviction habeas petition raising three grounds for relief.  Exhibit 6.  He complained he had not
9  been offered any plea negotiations; that the dismissal of two minority jurors had been improper and
10 he had received ineffective assistance of counsel where counsel did not investigate petitioner's
11 competency to stand trial.   This petition was denied by the state district court on January 18, 2005.
12 Exhibit 7.  Petitioner did not appeal.
13         On June 14, 2006, petitioner filed a federal petition for writ of habeas corpus in case
14 number 2:06-cv-00703-JCM-RJJ.  Exhibit 9 to Petitioner's Opposition to the Motion to Dismiss
15 (Petitioner's Exhibit).  That action was dismissed without prejudice on November 3, 2006, because
16 his state post-conviction review was still ongoing and the federal petition contained grounds for
17 relief that had not been exhausted in state court.  Petitioner's Exhibit 10.
18         While the first federal petition was still pending, on August 14, 2006, petitioner filed
19 a pro se motion to correct an illegal sentence which challenged the enhanced penalty for the
20 conspiracy to commit robbery with the use of a deadly weapon conviction.  Exhibit 8.  On the state's
21 agreement, an amended judgment of conviction was entered on September 21, 2006, which removed
22 the enhanced penalty for that count.  Exhibit 9.
23         Next, on August 28, 2006, petitioner filed a second petition for writ of habeas corpus,
24 post-conviction in the state court. Exhibit 10.  He raised five grounds for relief including (1) a claim
25 that the petition was not procedurally barred because the state court lacked jurisdiction to entertain
26 his first petition; (2) that he received ineffective assistance of counsel in failing to move for a

severance of his trial from that of his co-defendant, (3) because counsel failed to file a motion to dismiss the first degree kidnaping with the use of a deadly weapon charge, (4) because counsel failed to object to jury instruction number 10, and (5) because counsel failed to call character witnesses at sentencing in order to place petitioner in a favorable light before the court.  Counsel was appointed to represent petitioner and she filed a supplemental petition raising an additional two grounds.  Exhibit 11.  Those supplemental claims included allegations of ineffective assistance of counsel in failing to sever petitioner from his co-defendant and ineffective assistance of appellate counsel in failing to challenge petitioner's conviction on various of the charges.

On the state's motion to dismiss the petition as time-barred and successive, the court conducted a hearing and determined that the petition was, in fact, untimely and successive.  Exhibit 13.  The petition was denied on those bases.  *Id.*  The Nevada Supreme Court affirmed the denial on the procedural grounds identified and found that petition had failed to demonstrate cause to overcome the procedural bar or prejudice.  Exhibit 15.  Remittitur issued on January 12, 2009.  Exhibit 16.

II.     The Current Federal Petition

On July 18, 2009, petitioner submitted a *pro se* federal habeas corpus petition to this Court, initiating this action.  *See* Petition (ECF No. 1).  The issues of the filing fee was resolved and the petition was filed on February 25, 2010 (ECF No. 7).  Petitioner raises a total of eight grounds for relief including all those presented in the second and supplemental state post-conviction petitions and one suggesting that this Court should dismiss the first degree kidnaping charge on the basis that it violates equal protection.

Respondents' motion to dismiss argues three alternative defenses: procedural default, lack of exhaustion as to ground six, and timeliness.  Petitioner opposes dismissal attempting to show cause to overcome the default and arguing that the petition was timely, or if it was not, the delay was due to the actions or inactions of the state court.  The arguments are discussed below.

III.     Procedural Default

        A.     General Principles

Respondents argue that petitioner has procedurally defaulted his federal claims in state court.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be exhausted in state court. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

With respect to the prejudice prong of cause and prejudice, the petitioner bears:

4

1  the burden of showing not merely that the errors [complained of]
constituted a possibility of prejudice, but that they worked to his actual
2  and substantial disadvantage, infecting his entire [proceeding] with
errors of constitutional dimension.
3

4 *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170

5 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner

6 suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d

7 528, 530 n.3 (9th Cir. 1988).

8    B. <u>There Was a Procedural Default in State Court.</u>

9   In this case, there was a procedural default in state court. On the appeal from the

10 denial of petitioner's state-court habeas petition, the Nevada Supreme Court ruled:

11  Appellant filed his petition more than one year after this court
issued the remittitur from his direct appeal. Thus, appellant's petition
12  was untimely filed. [fn3: *See* NRS 34.276(1).] Moreover, to the extent
that appellant's petition raised claims of ineffective assistance of trial
13  counsel, the petition was successive and constituted an abuse of the
writ because appellant had previously filed a post-conviction petition
14  for a writ of habeas corpus and failed to raise his claims in his prior
petition. [fn 4: *See* NRS 34.810(1)(b)(2), (2).] Appellant's petition was
15  procedurally barred absent a demonstration of good cause and
prejudice. [fn 5: *See* NRS 34.726(1); NRS 34.810(19)(b), (3).]
16

17 Exhibit 15. The court went on to consider and reject petitioner's arguments as to good cause. *Id.*

18    C. The Procedural Default Was an Independent and
     Adequate State Law Ground for the Nevada Supreme
19      <u>Court's Disposition of Petitioner's Claims.</u>

20   "In order to constitute adequate and independent grounds sufficient to support a

21 finding of procedural default, a state rule must be clear, consistently applied, and well-established at

22 the time of the petitioner's purported default." *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994).

23   The Ninth Circuit Court of Appeals has held application of the very procedural bar at

24 issue in this case -- NRS 34.726(1)-- to be independent and adequate state grounds. *See Moran v.*

25 *McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir. 1996).

26   This Court finds that the Nevada Supreme Court's holding that petitioner's state-court

habeas petition was untimely under NRS 34.726(1) was an independent and adequate ground for the court's dismissal of petitioner's state-court petition. Because dismissal for lack of timeliness has been established to be adequate and independent grounds, the Court need not discuss NRS 34.810 in that context. Suffice it to say that the Courts have determined that NRS34.810 is also an adequate and independent state law ground for dismissal. *See Valerio v. Crawford,* 306 F.3d 742 (9th Cir. 2002).

        D.       Petitioner Has Not Shown "Cause" With Respect to the Procedural Default.

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default only if the independent claim of ineffective assistance of counsel, itself, has been exhausted in state court. *Murray*, 477 U.S. at 488-89. Ineffective assistance of counsel cannot serve as cause if the ineffective-assistance-of-counsel claim, itself, has been procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000).

As cause to overcome the default, petitioner contends that the state court should not have entertained the first post-conviction petition while the direct appeal was pending and should have notified appellate counsel that there was a premature post-conviction petition pending at the same time as the direct appeal. These failings on the part of the state court, petitioner argues, prevented him bringing his claims forward for a review on their merits. This argument does not present good cause to overcome the procedural default. Petitioner, himself, prepared and filed the first post-conviction petition and he could have informed his appellate counsel of its existence.

Petitioner also argue that his inability to access the law library was an external impediment which cause his petition to be untimely. As noted by respondents, this argument fails in

1  light of the fact that petitioner had already filed one post-conviction petition within the one-year
2  deadline.  He offers no rational excuse for failing to include all of his known claims in that petition.
3       Finally, petitioner argues that the second petition was not successive because the
4  court had no jurisdiction to hear the matter when the direct appeal was still pending.  This argument
5  was discounted by the Nevada Supreme Court in holding that the petition was "an independent
6  proceeding" and that the district court did not lack jurisdiction under *Sheriff v. Gleave,* 104 Nev.
7  496, 498 , 761 P.2d 416, 418 (1988) which held that habeas corpus is an independent proceeding and
8  *Bongiovi v. Bongiovi,* 94 Nev. 321, 579 P2d 1246 (1978) which held that the district court retains
9  jurisdiction over matters collateral to and independent from the part of the case taken on appeal.
10      Petitioner has not shown good cause for the procedural default in state court.  As a
11 result, the petition may be dismissed on that ground.

12 IV.    Exhaustion

13      Respondents argue that ground six of the petition is unexhausted because it was never
14 presented to the Nevada Supreme Court for review.  Petitioner concedes the point and volunteers to
15 abandon any unexhausted claims.  Thus, while petitioner originally presents a mixed petition
16 containing both exhausted and unexhausted claims, his willingness to abandon ground six moots this
17 argument as a basis for dismissal.

18 V.     Timeliness

19      Under the Antiterrorism and Effective Death Penalty Act (AEDPA), in the context
20 presented here, a federal habeas petition must be filed within one year after "the date on which the
21 judgment [of conviction] became final by the conclusion of direct review or the expiration of the
22 time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  However, under § 2244(d)(2), "[t]he
23 time during which a properly filed application for State post-conviction or other collateral review
24 with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
25 limitation under this subsection."  28 U.S.C. § 2244(d)(2).
26      Respondents argue that petitioner's one-year period expired on July 19, 2006, one

7

year and ninety days after remittitur issued on his direct appeal. Petitioner argue that the second state petition, and the instant federal petition, was not untimely because he had a first federal petition pending between June 14, 2006 and November 3, 2006. He notes that the first federal petition was on file before the expiration of the one year deadline on July 19, 2006. Unfortunately, a federal habeas petition does not toll the statute of limitations on a later filed petition. *See Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 212, (2001). Moreover, under established law, a later petition does not relate back to the commencement of a prior habeas action following a without prejudice dismissal. *See,e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154-55 (9th Cir. 2006)(for purposes of timeliness, a second petition did not relate back to a timely-filed first petition dismissed without prejudice); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000)(similar); *Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 1999)(in determining custody, the dismissal of the first petition without prejudice terminated the litigation, and the second petition did not relate back to the filing of the first petition). Thus, any argument that the instant petition should relate back to the petition he filed in 2006 is also unpersuasive.

    A.    <u>Equitable Tolling</u>

The one-year limitation period may be equitably tolled "if extraordinary circumstances beyond the prisoner's control make it *impossible* to file a petition on time." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)(emphasis in original). The petitioner has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstances and the lateness of his filing. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Equitable tolling is "unavailable in most cases" and the threshold necessary to trigger equitable tolling is "very high, lest the exceptions swallow the rule." *Miranda*, 292 F.3d at 1066.

Petitioner argues that he is entitled to equitable tolling because he was denied direct access to the law library until 2006 because he was a youth offender housed in a segregated unit away from the general population. He further argues that the unit was served by a non-Spanish

speaking inmate law clerk who failed to instruct him how to request law books.

The arguments are unpersuasive and fail to present extraordinary circumstances. Petitioner's admission that he had access to a law clerk belies any contentions that he was unable to access legal resources. Furthermore, he fails to explain why he could not have presented all of his post-conviction claims in the original petition he filed in 2004. Petitioner is not entitled to equitable tolling.

## VI. Conclusion

The motion to dismiss shall be granted. Petitioner's claims were procedurally defaulted in state court and the instant petition was filed after the expiration of his one-year limitations period imposed by 28 U.S.C. § 2244(d)(1). The issue of exhaustion of the claims is rendered moot by these conclusion.

## VII. Certificate of Appealability

Should petitioner wish to appeal this decision, he must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has

considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (ECF No. 12) is **GRANTED.**  The petition is **DISMISSED WITH PREJUDICE**.  No Certificate of Appealability shall issue.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT ACCORDINGLY**.

Dated this 25th day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE